SUMMARY ORDER

Petitioner Hua Li Chen, a native and citizen of the People’s Republic of China, seeks review of a February 19, 2008 order of the BIA affirming the April 11, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hua Li Chen, No. A 98 997 988 (B.I.A. Feb. 19, 2008), aff'g No. A 98 997 988 (Immigr. Ct. N.Y. City Apr. 11, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court may review the IJ’s decision, including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual *553 findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Shu Wen Sun v. BIA 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 400 (2d Cir.2005); Tian-Yong Chen v. INS, 359 F.3d 121, 128-29 (2d Cir.2004). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008).
We conclude that substantial evidence supports the agency’s adverse credibility determination. Chen stated in her asylum application that she feared arrest and detention in China due to her religious activities. The IJ appropriately noted that, despite these assertions, upon Chen’s arrival in the United States, she informed immigration officials only that she had left China to seek employment. While Chen asserts in her brief to this Court that the record of her border interview was inherently unreliable, she failed to raise this argument to the BIA, and we therefore decline to review it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 121-22, 124 (2d Cir.2007) (describing issue exhaustion as “mandatory”). Thus, Chen’s failure to mention her alleged fear of persecution upon her arrival properly supported the agency’s adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 167 (concluding that “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible” (emphasis in original)).
Similarly, the IJ appropriately found that while Chen testified that government officials ransacked her home while looking for her in December 2005, neither her supplemental statement nor the letter she submitted from her father makes such an assertion. Chen asserts in her brief that the ransacking was incidental. However, under the REAL ID Act, an IJ may rely on an omission that does not directly relate to the applicant's claim of persecution, “as long as the totality of the circumstances establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167 (internal quotation marks omitted).
Further, the BIA and IJ correctly noted an internal inconsistency in Chen’s testimony, as well as an inconsistency between her testimony and supplemental statement regarding when government officials last looked for her at her home in China. Chen initially testified that government officials had gone to her home to look for her in December 2005. However, she later denied that officials had looked for her after her arrival in the United States in June 2005. Chen explained that she had provided the wrong date — that officials had actually gone to her home in December 2004 — because she was “very nervous.” The IJ reasonably declined to accept that explanation. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, despite Chen’s testimony that government officials did not look for her after she came to the United States, the IJ correctly noted that she had indicated to the contrary in her *554 supplemental statement. While Chen explained that she had meant that the officials had gone to her home after she left China, but before she arrived in the United States, the IJ was not required to credit that explanation. See id.
While the IJ made additional credibility findings, we need not address them. Any flaw in the agency’s decision notwithstanding, the agency’s adverse credibility finding was, as a whole, supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); see also Cao He Lin, 428 F.3d at 401 (observing that “not every minor error requires a remand”). Thus, its denial of Chen’s application for asylum was proper. Because the only evidence of a past threat to Chen’s life or freedom depended upon her credibility, the adverse determination on this point necessarily precludes success on her claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.